SAGINAW MILLING CO. v. SCHRAM.

1. APPEAL AND ERROR—LAW OF CASE—RES ADJUDICATA.
   The decision on a former appeal is the law of the case.

2. TRIAL—REQUESTS TO CHARGE—INSTRUCTIONS.
   In an action by the purchaser of hay to recover money paid on the contract with damages for nonfulfillment thereof, and in which defendant sought to recoup damages for failure of plaintiff to take the hay, including commission on resale, work and labor, storage, cost of baling hay and interest, *held*, that the charge sufficiently presented to the jury the theories of the respective parties on the controlling issues so that the refusal of a requested instruction was not erroneous.

Error to Sanilac; Beach, J.  Submitted October 16, 1917.  (Docket No. 151.)  Decided December 27, 1917.

Assumpsit in justice's court by the Saginaw Milling Company against John Schram for breach of a contract for the sale of hay.  There was judgment of recoupment for defendant, and plaintiff appealed to the circuit court.  Judgment for defendant.  Plaintiff brings error.  Affirmed.

*E. L. Beach,* for appellant.

*C. F. Gates,* for appellee.

BROOKE, J.  This case upon its first appearance in this court will be found reported in 186 Mich. 52 (152 N. W. 945), where a statement of the facts will be found.  We there reversed a judgment in favor of the plaintiff for $100, which had been directed by the court.  In considering the questions involved it was held that the contract, being ambiguous in its terms, might be explained by oral testimony, and that evidence relating to the custom of baling hay in the vicin-

ity was admissible. Upon a retrial of the case it appeared beyond dispute that it was the duty of plaintiff to bale the hay or at any rate to pay for said baling. It was the claim of plaintiff that under the contract either party could have done the pressing, and it introduced testimony tending to show that the plaintiff's failure to bale the hay prior to December 15th was for the benefit of the defendant in relation to his other work. Under the evidence introduced the court instructed the jury to determine—

"whether the defendant relied upon Simmons to provide the pressing or whether he was lulled into security as to the delivery of the hay by Simmons' talk and conversation as to pressing or whether the delay was for the defendant's own accommodation."

Upon the question of the time of the breach of the contract and who was responsible for such breach, the court charged:

"If Mr. Schram's conduct and acts procured the delay beyond the time for its fulfillment he would be responsible for the $100 and its return. If the milling company is responsible for the delay, if the conduct and acts of Simmons lulled the defendant, Schram, into security, supposing he could deliver his hay up to the date of expiration and beyond, if such conduct and acts did produce that feeling in Schram and he so acted upon it, and did so reasonably under the circumstances then the defendant would be entitled to his damages to be set off against the $100."

Upon the question of the measure of damages the court charged:

"I say to you the usual rule of fixing damages is the difference between the contract price and the market price at the time and place of the breach or at the nearest market taking out the expenses of getting to the nearest market. Now, the testimony, as I say to you, is conflicting upon that question, as to whether there was a market here in January, 1913, or not. If there was a market, the market price at that time at

Sandusky would govern, measuring his damages. If there was no market, and the circumstances reasonably required Mr. Schram, in order to save himself, to market this hay on commission, he would be entitled to do so, but he must do so within a reasonable time; he must use diligence after the breach of the contract to save himself and the milling company all the damages possible. Now, you have heard the testimony as to when the hay was pressed by Mr. Schram after the breach. Whether that was a reasonable time or not and whether he used due diligence in getting a sale for his hay is a question of fact for you to determine."

The jury returned a verdict in favor of the defendant for $100.

The first 19 assignments are based upon alleged erroneous admission or exclusion of testimony. Proceeding under our opinion rendered when the case was first before us (which must be considered the law of the case), we are of opinion that the learned trial judge committed no reversible error in this regard.

The 20th assignment is based upon the refusal of the court to charge the jury as requested by plaintiff. We have quoted some portions of the charge above. Without going into the matter more fully we may say that we have read the charge in its entirety, and believe that plaintiff's rights were fully protected thereunder. The theories of the several parties were plainly presented to the jury upon each of the controlling issues, and those issues have been determined by the jury against the contention of the plaintiff.

The judgment is affirmed.

KUHN, C. J., and STONE, OSTRANDER, BIRD, MOORE, STEERE, and FELLOWS, JJ., concurred.